Barney Max Cohen
vs.                    No. 77209.
Louis Lanoie

January 31, 1933.

POULIOT, J. The defendant in the above cause moves for a new trial on the usual grounds after a jury had returned a verdict for the plaintiff in the sum of $1,000.00.

On September 4, 1927, plaintiff was driving his automobile, with his wife and three children as passengers, on the main highway near York, Maine, headed for Boston. He was proceeding along the right hand lane of the 3-lane cement road when the defendant's car, travelling in the opposite direction, crossed the road and the two cars collided.

A third car, operated by one Marcus, was involved in the accident. Marcus was sued by both the plaintiff and the defendant. The plaintiff's claim was settled for $3,000 under a covenant not

to sue in five cases. The present defendant recovered against Marcus and urges that such recovery demonstrates that Lanoie was not guilty of any negligence. That may be true as between Marcus and Lanoie, but does not absolve Lanoie from being careful insofar as Cohen is concerned.

The plaintiff's story is that he was proceeding in his right hand lane at a speed of about 25 miles per hour and that defendant's car shot across his path, coming from across the road when only 25 feet away, and ran into him head-on. The testimony of the State Trooper who noticed the position of the cars after the collision corroborated the plaintiff's claim that he was on the travelled part of the road when the impact came, and that the plaintiff's car was pushed backward.

The defendant says that while he was going along on his right side, at a speed of 20 to 25 miles per hour, a car operated by Marcus passed him and cut in so close that the Marcus car hit defendant's car and pushed it to within 6 to 8 inches from the edge of a bank; that to prevent his going over the bank, he swung his car to the left, went across the road and stopped when he hit a post on a fence beyond the shoulder of the roadway; that the plaintiff made no attempt to stop his car, but kept on coming, although he was from 60 to 100 feet away when defendant's car hit the post, and struck the right front wheel of defendant's car while it was stopped with this right front wheel off the travelled part of the highway.

The arc of the swing of defendant's car was measured and showed that the car travelled 63 feet before it hit the fence post after it first went off the road.

Defendant claims that he lost control of his car when struck by Marcus. There is nothing to indicate that the collision with Marcus affected his brakes or damaged his steering apparatus. Coming off the shoulder on his right onto the cement roadway, he had the width of two lanes in which to straighten out his car, 17 feet, without being obliged to go over into the lane in which Cohen was proceeding. He apparently did not attempt to do this, nor did he use his brakes to decrease the speed of his car or stop it.

There is ample evidence from which the jury could find the defendant solely negligent.

Defendant contends that the damages are excessive and points out that Cohen, his wife and children, received a total of $5,750, $2,750 from the jury in this case and its companion No. 77210, and $3,000 from Marcus.

The jury was informed of the $3,000 obtained from Marcus and instructed to take it into consideration in determining damages.

Cohen's money damages for medicines, nursing and hospital bills for his family amounted to $737.00. He said he hired his brother to do his work for a period of 4 months at $45 per week; that, for 17 weeks, would amount to $765. He paid $15 to transport his wife from the hospital and $5 for an X-ray. He stated that the amount received from Marcus was not net; that he actually received $2,300 after his attorneys had deducted their fees and expenses. If that is so, then for 5 cases, both from Marcus and the jury in this case, plaintiff obtained about $3,500 for pain and suffering.

Considering the nature of the injuries suffered and deducting from this $3,500, whatever amounts may have been paid for the children's injuries which, although relatively small, still have to be considered, the Court does not believe the amount awarded to plaintiff in this case, nor the amount awarded to plaintiff's wife in case No. 77210, is excessive.

Therefore, defendant's motion for a new trial is denied.

Attorneys for plaintiff: Hinckley, Allen, Tillinghast, Phillips &' Wheeler.

Attorneys for defendant: Greene, Kennedy & Greene and John R. Higgins.